**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MITCHELL JOSEPH CALDWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 26-00018-KD-B** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **CORRECTIONS, *et al.*,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Plaintiff Mitchell Joseph Caldwell ("Plaintiff" or "Caldwell"), proceeding without counsel (or *pro se*), has filed suit under 42 U.S.C. § 1983 seeking relief for constitutional violations that occurred while he was incarcerated at Fountain Correctional Facility, namely, *inter alia*, that he has repeatedly been assaulted, robbed, and extorted in what he terms a "gang-run" prison dorm that is "run" by gang members. (Doc. 1). This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Following *sua sponte* review of this action, and for the reasons discussed below, Caldwell is **ORDERED** to file an amended complaint, as set out in this order, by **September 18, 2026**. The Amended Complaint **MUST** include every defendant, every factual allegation, every claim, and every request for relief that Caldwell seeks in this

lawsuit.

**A. Background**

On April 4, 2026, this Court conducted a review of Caldwell's initial complaint under 28 U.S.C. § 1915 and found it to be deficient in several aspects. Because the Court determined a more carefully drafted complaint might state a claim, the Court allowed Caldwell to amend his complaint, noting that certain named defendants (Alabama Department of Corrections and Fountain Correctional Facility) were not suable under § 1983 because they were not considered "persons" under the statute and further instructing Caldwell on the applicable law for his asserted claims. (See Doc. 5). Caldwell was ordered to file an amended complaint on or before May 15, 2026. (Id.).

In compliance with the Court's order and directives, Caldwell filed an Amended Complaint on April 24, 2026, that was on the Court's § 1983 prisoner complaint form and named as defendants Warden Kenneth Peters, Administrator S. Saulsberry, and Warden Brandon McKinney, and included attached photographs and grievances. (Docs. 9 and 9-1 ("Amended Complaint 1")). However, before Caldwell's Amended Complaint 1 was screened pursuant to 28 U.S.C. § 1915 to determine whether it should be served on the defendants, Caldwell, without leave of Court, filed two other documents titled "Amended Complaint," Doc. 11

("Amended Complaint 2"), and Doc. 20 ("Amended Complaint 3").

Amended Complaint 2 is postmarked May 23, 2026, and names Warden Brandon McKenzie, Warden Kenneth Peters and Administrative Warden Sherry Salisbury as defendants and also adds a new defendant, Alabama Department of Corrections Commissioner John Q. Hamm. (Doc. 11).

Amended Complaint 3 is postmarked August 7, 2026. (Doc. 20). It is not on the Court's § 1983 prisoner complaint form, and it names no defendants and presents no factual allegations. (See id.). Instead, Amended Complaint 3 states that Caldwell is suing the defendants in their official and individual capacities, that he requests monetary relief, declaratory and injunctive relief, and that he demands a jury trial. (Id.).

**B. Discussion**

The Court reminds Caldwell that a complaint in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This requires Caldwell to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), meaning Caldwell must include factual allegations in his complaint that plausibly support each

essential element of his claim. Randall v. Scott, 610 F.3d 701, 707 n.2 (11th Cir. 2010). Vague and conclusory allegations are subject to dismissal because they do not provide facts. Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (abrogated on other grounds). Accordingly, to obtain relief under 42 U.S.C. § 1983, a plaintiff must allege facts showing that (1) a person acting under the color of state law (2) deprived him of a right secured under the United States Constitution or federal law, see Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992); 42 U.S.C. § 1983, and Caldwell must show a causal connection between each defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional or federal rights. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam).

Currently, Caldwell's operative pleading, Amended Complaint 3, is insufficient under the federal pleading standard because it does not name a single defendant or allege a single claim. Plus, Amended Complaint 3 was filed without first seeking leave of Court in violation of Rule 15(a)(1) of the Federal Rules of Civil Procedure; thus, it is subject to dismissal. While Amended Complaints 1 and 2 provide substantial factual allegations, these complaints are inconsistent with respect to the named defendants, the spelling of the defendants' names, exhibits attached, and claims plead, such that the Court is uncertain who Caldwell seeks

to sue and the exact claims he wants to pursue. Consequently, the Court cannot lump the amended complaints into a single complaint, nor can Amended Complaints 2 and 3 be deemed proper supplements to Amended Complaint 1. The Court will provide Caldwell with one final opportunity to file a conforming complaint by placing all of his claims against all Defendants in a single complaint. Bright v. Thomas, 754 F. App'x 783, 789 (11th Cir. 2018) (where "a more artfully drafted complaint might state a claim," a plaintiff should be allowed the chance to amend his complaint).

**C. Conclusion**

Caldwell is **ORDERED** to file a fourth amended complaint on or before **September 18, 2026.** Aside from the fourth amended complaint, Caldwell is to **refrain** from filing any additional complaints without first seeking leave of Court and is placed on notice that any such filings will be **STRICKEN.**

**INSTRUCTIONS FOR AMENDING COMPLAINT:**

1. Plaintiff Caldwell, your fourth amended complaint must contain every allegation and every fact you want the Court to know about your claim – even if you have already written it in a previous complaint. This means you must include all your factual allegations and claims in one complaint – the fourth amended complaint. Stated another way, any factual allegations you included in your initial complaint (Doc. 1),

Amended Complaint 1 (Doc. 9), Amended Complaint 2 (Doc. 11), and Amended Complaint 3 (Doc. 20), that you want the Court to know and consider, **MUST** be included (written) in your fourth amended complaint. If they are not included (written in the fourth amended complaint), they will be deemed abandoned, and the Court will not consider them.

2. You must give each Defendant fair notice of each claim you are asserting against him or her. Thus, you must list each defendant in separate, numbered paragraphs and describe fully the specific claim being asserted against the particular defendant in that paragraph. You must also provide facts that describe how each Defendant was personally involved in violating your rights and what ***each*** of the defendants did or did not do that gave rise to each claim against them.

3. If the Court cannot understand who you are suing and what actions each specific defendant is alleged to have taken against you, the claim will be dismissed. See Hamilton v. City of Jackson, 508 F. Supp. 2d 1045, 1056 (S.D. Ala. 2007), aff'd, 261 F. App'x 182 (11th Cir. 2008) (A defendant "may not be sued under Section 1983 for the acts of others but, rather, only for its own acts.").

4. You are reminded that the State and its arms are not "persons" for the purpose of a § 1983 action, i.e., the Alabama Department of Corrections and Fountain Correctional Facility.

Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989).

5. You are reminded that to establish an Eighth Amendment claim, you must allege facts that "show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019) (citation omitted).
6. You are reminded that to establish a claim against a company or supervisor, you must show that your constitutional rights were violated because of an established policy or custom of that organization/entity or supervisor.
7. You are reminded that to establish a general risk of violence claim, you must allege facts that demonstrate a history of widespread abuse AND show that the named defendant(s) knew about the alleged harm and failed to respond reasonably to the serious risk of harm. See Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) ("The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." (quotations omitted)).
8. Your fourth amended complaint should be on the Court's § 1983 form. You should use separate sheets of paper, as necessary,

and write as clearly as possible, stating the facts in clear sentences.

Caldwell is **cautioned** that if he does not file an amended complaint by **September 18, 2026**, or if he files a fourth amended complaint that fails to comply with the directives and pleading standards set out in this order, the undersigned will recommend that this action be dismissed. Caldwell's fourth amended complaint will completely replace his previously filed amended complaints. Therefore, the fourth amended complaint shall not reference or seek to incorporate by reference any portion of the previous complaints.

Caldwell is further **cautioned** that his failure to advise the Court immediately of a change in his address (e.g., when he is transferred, released, etc.) will result in the dismissal of this action for failure to prosecute and to comply with the Court's orders.

If Caldwell's fourth amended complaint is timely filed as directed, it will be screened in accordance with 28 U.S.C. § 1915.

Caldwell is again **instructed** that *after* the filing of his fourth amended complaint, he is to **refrain** from filing any additional amended complaints without first seeking the Court's permission.

The Clerk is **DIRECTED** to send Caldwell the Court's form for a prisoner complaint under 42 U.S.C. § 1983, as well as copies of each of his previous complaints (Docs. 1, 9, 11, 20).

**ORDERED** this **18th** day of **August, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**