**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MITCHELL JOSEPH CALDWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 26-00018-KD-B** |
| | ) | |
| **ALABAMA DEPARTMENT OF CORRECTIONS, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the Court on Plaintiff Mitchell Joseph Caldwell's request for appointment of counsel. (Doc. 22). Upon consideration, Caldwell's request is **DENIED.**

Caldwell, an Alabama inmate who is proceeding in this 28 U.S.C. § 1983 action without an attorney, asserts that "the combination of his incarceration, limited access to evidence and witnesses, lack of legal training, and the factual and legal issues involved in this § 1983 action warrant appointment of counsel." (Doc. 22 at 2).

Prisoners raising civil rights claims, like other civil litigants, have no constitutional right to counsel. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Pursuant to 28 U.S.C. § 1915(e)(1), a court has broad discretion to appoint counsel for an indigent plaintiff in a civil case only if exceptional circumstances exist. Bass v. Perrin, 170 F.3d 1312, 1320 (11th

Cir. 1999). "Exceptional circumstances" include the presence of "'facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner.'" Kilgo, 983 F.2d at 193; see also Purveegiin v. Streiff, 2007 WL 1713353, at *6 (S.D. Ala. June 11, 2007)(noting appointment of counsel is not mandatory except in exceptional circumstances where the complexity of the case or the competence of plaintiff makes *pro se* prosecution of the claim fundamentally unfair); Coburn v. Prichard Police Dep't, 2007 WL 1424528, at *4 n.2 (S.D. Ala. May 11, 2007)(accord).

While Caldwell, like most other litigants, would undoubtedly be aided by the assistance of counsel, this case does not appear to be so unusual or complex that the appointment of counsel is necessary at this early stage of the proceedings. Further, Calwell's multiple filings to date do not demonstrate that he is unable to communicate his claims. They instead suggest that he is disregarding the Court's directions and improperly attempting to assert his claims in a piecemeal fashion.[1] The Court's most recent Order dated August 18, 2026, instructs Caldwell to streamline his three amended complaints into one final, consolidated fourth amended complaint which clearly identifies each defendant and the

[1] Caldwell is again reminded that aside from his consolidated fourth amended complaint, which is due on **September 18, 2026**, he is to refrain from filing any additional complaints or supplements without first seeking leave of Court. Any additional complaints or supplements filed without first seeking leave of Court will be **STRICKEN.**

claims asserted against each one. (Doc. 21). Caldwell is to file this consolidated fourth amended complaint on or before **September 18, 2026.**

Accordingly, upon consideration of all relevant factors, the undersigned finds that Caldwell's request for appointment of counsel is due to be **DENIED** at this time. This Order is subject to reconsideration later if the circumstances of the case change.

**ORDERED** this **18th** day of **August, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**